Carlos Alsina-Batista, Bar No. 327286
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front St., Ste. 201
Temecula, CA 92590
Tel: (866) 329-9217
Dir: (657) 363-3331
Fax. (714) 888-4528
E: CarlosA@jlohman.com
Attorney for Plaintiff,
Rose De La Cruz

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE DE LA CRUZ,<br><br>Plaintiff,<br><br>– vs –<br><br>GC SERVICES, LP,<br><br>Defendant. | Case No.: '20CV1300 DMS LL<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, ROSE DELA CRUZ ("Plaintiff"), through her attorneys, hereby alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

2. When enacting the Rosenthal Fair Debt Collection Practices Act, CA Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose declaration:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## **Parties**

3. Plaintiff is a natural person residing, in the city of Oceanside, County of San Diego, California and is otherwise *sui juris*.

4. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a Texas limited partnership conducting business in the state of California, and has its principal place of business in Houston, Texas.

6. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff

7. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

8. Defendant conducts business in the state of California and therefore this Court has personal jurisdiction over the Defendant.

9. Federal jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy." This Court also has supplemental jurisdiction to adjudicate the state law claim by virtue of 28 U.S.C. § 1367.

10. Venue is proper in the United States District Court Southern District of California pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## Factual Allegations

11. On or around December 3, 2019, Defendant placed a collection call to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

13. Defendant called Plaintiff's telephone number at (818) XXX-7287.

14. On or around December 3, 2019, Defendant left a voicemail message on Plaintiff's answering machine.

15. In the voicemail message, Defendant failed to meaningfully disclose its identity, the nature of the call or state that the call was from a debt collector.

16. In the voicemail message, Defendant directed Plaintiff to call back telephone number (602) 674-1560, which is a number that belongs to Defendant.

17. In the voicemail message, Defendant failed to disclose the purpose of its call was to collect a debt allegedly owed by Plaintiff.

18. Defendant is engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff in connection with attempting to collect on a debt by failing to meaningfully disclose its identity in phone calls.

19. Defendant is also using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## FIRST CAUSE OF ACTION
## DEFENDANT VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq.*

20. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-19.

21. Defendant's violations of the FDCPA include, but are not limited to, the following:

a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

b. Defendant violated *§1692(d)(6)* of the FDCPA by failing to meaningfully disclose its identity;

c. Defendant violated *§1692(e)* of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection; and

d. Defendant violated *§1692(e)(11)* of the FDCPA by failing to contain the warning: This is an attempt to collect a debt… communication is from a debt collector.

## SECOND CAUSE OF ACTION
## DEFENDANT VIOLATED THE RFDCPA CA. CIV. CODE *§ 1788 et seq.*

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-19.

23. Defendant's violations of the RFDCPA include, but are not limited to, the following:

a. Defendant violated *§1788.17* by failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

## FIRST CAUSE OF ACTION

24. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

25. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

26. Awarding such other and further relief as may be just, proper and equitable.

## SECOND CAUSE OF ACTION

27. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

28. Statutory damages of $1000.00 pursuant to Cal. Civ. Code §1788.30(b);

29. Reasonable attorney's fees, costs pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(c); and

30. Actual damages and compensatory damages according to proof at time of trial.

## JURY TRIAL DEMAND

31. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: July 10, 2020

By: /s/ Carlos Alsina-Batista
Carlos Alsina-Batista, Bar No. 327286
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front St., Ste. 201
Temecula, CA 92590
Dir: (657) 363-3331
Fax. (714) 888-4528
E: CarlosA@jlohman.com
Attorney for Plaintiff, Rose De La Cruz